UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 2 0 2004
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RALPH SCHOENMAN
111 Clayton Court
Vallejo, CA 94591

       Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION,

CENTRAL INTELLIGENCE AGENCY,

DEFENSE INTELLIGENCE AGENCY,

DEPARTMENT OF AIR FORCE,

DEPARTMENT OF JUSTICE,

DEPARTMENT OF ARMY,

DEPARTMENT OF NAVY,

DEPARTMENT OF STATE,

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION,

NATIONAL SECURITY AGENCY

JOHN DOE AGENCIES 1-10

       Defendants

CASE NUMBER 1:04CV02202
JUDGE: Colleen Kollar-Kotelly
DECK TYPE: FOIA/Privacy Act
DATE STAMP: 12/20/2004

## COMPLAINT FOR INJUNCTIVE RELIEF

[Freedom of Information Act, 5 U.S.C. § 552,
and Privacy Act, 5 U.S.C. § 552a]

### JURISDICTION AND PARTIES

1. Plaintiff RALPH SCHOENMAN ("Schoenman") brings this action under the Freedom of Information Act ("the FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a.

2. SCHOENMAN is a long-time political activist and author who seeks information concerning his past activities in government files.

3. Defendant UNITED STATES DEPARTMENT OF JUSTICE ("DOJ") is an agency of the United States and has possession and control of records requested by SCHOENMAN which are the subject of this action.

4. DEFENDANT DEPARTMENT OF THE AIR FORCE is an agency of the United States and has possession and control of records requested by SCHOENMAN which are the subject of this action.

5. DEFENDANT FEDERAL BUREAU OF INVESTIGATION is a component of the United States Department of Justice and has possession and control of records requested by SCHOENMAN which are the subject of this action.

6. DEFENDANT DEFENSE INTELLIGENCE AGENCY is an agency of the United States and has possession and control of records requested by SCHOENMAN which are the subject of this action.

7. DEFENDANT CENTRAL INTELLIGENCE AGENCY is an agency of the United States and has possession and control of records requested by SCHOENMAN which are the subject of this action.

8. DEFENDANT DEPARTMENT OF STATE is an agency of the United States and has possession and control of records requested by SCHOENMAN which are the subject of this action.

9. DEFENDANT UNITED STATES ARMY is an agency of the United States and has possession and control of records requested by SCHOENMAN which are the subject of this action.

10. DEFENDANT UNITED STATES NAVY is an agency of the United States and has possession and control of records requested by SCHOENMAN which are the subject of this action.

11. DEFENDANT NATIONAL ARCHIVES AND RECORDS ADMINISTRATION (NARA) is an agency of the United States and has possession and control of records requested by SCHOENMAN which are the subject of this action.

12. DEFENDANT NATIONAL SECURITY AGENCY ("NSA") is an agency of the United States and has possession and control of records requested by SCHOENMAN which are the subject of this action.

13. DEFENDANTS JOHN DOE AGENCIES 1-10 are agencies of the United States Government to whom another agency has, or will, refer documents or information for a determination as to its releasability but whose identities are unknown to plaintiff at present.

### FIRST CAUSE OF ACTION-FBI HEADQUARTERS

14. By letter dated July 24, 2001, Schoenman submitted a Freedom of Information/Privacy Act request to FBI Headquarters ("FBIHQ") for records pertaining to himself, Lord Bertrand Russell, and six organizations. He further requested references on him contained in the Central Records System Indices on 26 listed organizations or events.

15. In addition, Schoenman requested (1) All records in any file on any confidential source or confidential informant who supplied information that is contained in any record on any of the subjects listed in Items 1-3 of his request; (2) all index refer-

4

ences to the subjects listed in Items 1-3 of his request; (3) all previous Freedom of Information Act requests for records on the subjects listed in Items 1-3 of his request; (4) the worksheets generated in processing his request or any prior request for records on the subjects listed in Items 1-3 thereof; and (5) all search slips or other records used in searching his request and any prior request for records on the subjects listed in Items 1-2 of his request.

16. Schoenman requested a search for all main files and "see" references on each of the subjects listed in Items 1-3 of his request.

17. Schoenman also requested a search of the ELSUR indices, the Confidential Source and Confidential Informant indices, as well as the search of other indices.

18. Pursuant to 5 U.S.C. § 552(A)(4)(A)(II) and (III), Schoenman requested he be accorded status as a representative of the news media and not be charged search fees.

19. Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii), plaintiff requested a public interest waiver of copying charges.

20. FBIHQ has not supplied all materials responsive to plaintiff's request.

21. Plaintiff has exhausted his administrative remedies.

22. Plaintiff has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the FBI's denial of said right.

23. Plaintiff is entitled to a waiver of search fees and copying costs, and there is no legal basis for the denial of said rights.

24. Plaintiff is entitled to status as a representative of the news media 5 U.S.C. § 552(A)(4)(A)(II), and there is no legal basis for the denial of said right.

**SECOND CAUSE OF ACTION--LOS ANGELES FIELD OFFICE OF THE FBI**

25. Plaintiff reallege the allegations set forth in paragraphs 1-3, 5 and 21-24 above.

26. By letter darted July 24, 2001, Schoenman submitted a Freedom of Information/Privacy Act request to the FBI's Los Angeles field office ("LAFO"). His request identified the same subjects that were listed in his request to FBIHQ, and he asked the same forms of relief that it sought.

**THIRD CAUSE OF ACTION--NEW YORK FIELD OFFICE OF THE FBI**

27. Plaintiff reallege the allegations set forth in paragraphs 1-3, 5 and 21-24 above.

28. By letter darted July 24, 2001, Schoenman submitted a Freedom of Information/Privacy Act request to the FBI's New York field office ("NYFO"). His request identified the same subjects that were listed in his request to FBIHQ, and he asked for the same forms of relief that it sought.

## FOURTH CAUSE OF ACTION--SAN FRANCISCO FIELD OFFICE OF THE FBI

29. Plaintiff reallege the allegations set forth in paragraphs 1-3, 5 and 21-24 above.

30. By letter dated July 24, 2001, Schoenman submitted a Freedom of Information/Privacy Act request to the FBI's San Francisco field office. His request identified the same subjects that were listed in his request to FBIHQ, and he asked for the same forms of relief that it sought.

## FIFTH CAUSE OF ACTION--LONDON LEGAT

31. Plaintiff reallege the allegations set forth in paragraphs 1-3, 5 and 21-24 above.

32. By letter dated July 27, 2001, Schoenman submitted a Freedom of Information/Privacy Act request to the FBI's London Legat. His request identified the same subjects that were listed in his request to FBIHQ, and he asked for the same forms of relief that it sought.

## SIXTH CAUSE OF ACTION--PARIS LEGAT

33. Plaintiff reallege the allegations set forth in paragraphs 1-3, 5 and 21-24 above.

34. By letter darted July 24, 2001, Schoenman submitted a Freedom of Information/Privacy Act request to the FBI's Paris Legat. His request identified the same subjects that were listed in his request to FBIHQ, and he asked for the same forms of relief that it sought.

7

## SEVENTH CAUSE OF ACTION--DEPARTMENT OF THE AIR FORCE

35.     Plaintiff reallege the allegations set forth in paragraphs 1-3, 4 and 21-24 above.

36.     By letter darted August 26, 2001, Schoenman submitted a Freedom of Information/Privacy Act request to the Department of the Air Force ("AF").  His request identified the same subjects that were listed in his request to FBIHQ, and he asked for the same forms of relief that it sought.

## EIGHTH CAUSE OF ACTION--DEPARTMENT OF THE ARMY

37.     Plaintiff reallege the allegations set forth in paragraphs 1-3, 9 and 21-24 above.

38.     By letter dated July 27, 2001, Schoenman submitted a Freedom of Information/Privacy Act request to the DEPARTMENT OF THE ARMY ("Army")  His request identified the same subjects that were listed in his request to FBIHQ, and he asked for the same form of relief that it sought.

## NINTH CAUSE OF ACTION--CENTRAL INTELLIGENCE AGENCY

39.     Plaintiff reallege the allegations set forth in paragraphs 1-3, 7 and 21-24 above.

40.     By letter dated July 24, 2001, Schoenman submitted a Freedom of Information/Privacy Act request to the CENTRAL INTELLIGENCE AGENCY ("CIA").  His request identified the same subjects that were listed in his request to FBIHQ, and he asked for the same form of relief that it sought.

8

### TENTH CAUSE OF ACTION--DEFENSE INTELLIGENCE AGENCY

41.     Plaintiff reallege the allegations set forth in paragraphs 1-3, 6 and 21-24 above.

42.     By letter dated August 26, 2001, Schoenman submitted a Freedom of Information/Privacy Act request to the DEFENSE INTELLIGENCE AGENCY ("DIA"). His request identified the same subjects that were listed in his request to FBIHQ, and he asked for the same form of relief that it sought.

### ELEVENTH CAUSE OF ACTION--DEPARTMENT OF STATE

43.     Plaintiff reallege the allegations set forth in paragraphs 1-3, 8 and 21-24 above.

44.     By letter dated July 24, 2001, Schoenman submitted a Freedom of Information/Privacy Act request to the DEPARTMENT OF STATE ("DOS"). His request identified the same subjects that were listed in his request to FBIHQ, and he asked for the same form of relief that it sought.

### TWELFTH CAUSE OF ACTION--NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

45.     Plaintiff reallege the allegations set forth in paragraphs 1-3, 11 and 21-24 above.

46.     By letter dated March 4, 2002, Schoenman submitted a Freedom of Information/Privacy Act request to the NATIONAL ARCHIVES AND RECORDS ADMINISTRATION ("NARA"). His request sought all documens responsive to his request to the Department of State which pre-dated 1975.

47. By letter dated March 31, 2003, Schoenman requested that NARA provide copies of all records pertaining to (1) the Who Killed Kennedy Committee, and (2) the Citizens Commission of Inquiry. He also request a public interest fee waiver for these records.

### THIRTEENTH CAUSE OF ACTION--DEPARTMENT OF THE NAVY

48. Plaintiff reallege the allegations set forth in paragraphs 1-3, 10 and 21-24 above.

49. By letter dated July 24, 2001, Schoenman submitted a Freedom of Information/Privacy Act request to the DEPARTMENT OF NAVY ("NAVY") His request identified the same subjects that were listed in his request to FBIHQ, and he asked for the same form of relief that it sought.

### FOURTEENTH CAUSE OF ACTION--NATIONAL SECURITY AGENCY

50. Plaintiff reallege the allegations set forth in paragraphs 1-3, 12 and 21-24 above.

51. By letter dated August 26, 2001, Schoenman submitted a Freedom of Information/Privacy Act request to the NATIONAL SECURITY AGENCY ("NSA"). His request identified the same subjects that were listed in his request to FBIHQ, and he asked for the same form of relief that it sought.

WHEREFORE, plaintiff prays that this Court:

(1) order defendants to make the requested information promptly available to him;

10

(2) order defendants to grant plaintiff status as a "representative of the news media" pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II);

(3) order defendants to grant plaintiff a complete waiver of duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii);

(4) order defendant's to conduct a thorough search for all responsive records;

(5) order defendants to provide plaintiff a <u>Vaughn</u> index inventorying all responsive records and itemizing and justifying withholdings challenged by plaintiff;

(6) order defendants to reprocess the records previously provided in response to plaintiff's September 14, 1994 request;

(7) order defendants to promptly provide all nonexempt documents or portions of documents which were referred to other government agencies in response to plaintiff's September 14, 1994 request;

(8) expedite this action in every way pursuant to 28 U.S.C. § 1657(a);

(9) award plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d); and

(10) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DECEMBER 20, 2004

*James H. Lesar*
James H. Lesar #114413
1003 K Street, N.W.
Suite 640

11

Washington, D.C. 20001
Phone: (202) 393-1921

Counsel for Plaintiff