UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RALPH SCHOENMAN,                    )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )   Civil Action No. 04-2202 (CKK)
                                    )
FEDERAL BUREAU OF                   )
   INVESTIGATION, <u>et al.</u>,    )
                                    )
        Defendants.                 )
_____)

JOINT PROPOSED RELEASE AND BRIEFING SCHEDULE

        Plaintiff filed this action on December 20, 2004, pursuant
to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2000 &
Supp. IV 2004), and the Privacy Act of 1974, 5 U.S.C. § 552a
(2000 & Supp. IV 2004), seeking access to an array of agency
records, including records pertaining to himself, Lord Bertrand
Russell, and six particular organizations.  By Order of June 5,
2006, the Court ordered that the parties file by October 25, 2006
"a proposed schedule for release of the responsive documents yet
to be released and/or a proposed order governing future filings."
Accordingly, the parties hereby propose, subject to the approval
of the Court, the following schedule for the release of records
and for certain future filings.

   I.   <u>The Department of State</u>

        The Department of State currently is processing
approximately twenty-seven documents that were referred to it by
the Defense Intelligence Agency (DIA) pursuant to plaintiff's

-2-

FOIA request to DIA (Request No. PA-63-01).[1]  The parties jointly
propose that the Department of State will complete its processing
of these records and release any and all releasable portions of
them (or refer them to the appropriate agencies for direct
response to plaintiff) by November 3, 2006.

    II.  <u>The National Archives and Records Administration</u>

    Plaintiff, through counsel, submitted two FOIA requests to
the National Archives and Records Administration (NARA) by
letters of March 4, 2002 and March 31, 2003.  In both letters,
plaintiff requested a waiver of search and duplication fees.  The
processing of NARA records responsive to plaintiff's request is
contingent upon a determination of whether plaintiff is entitled
to a fee waiver.  Defendant NARA has not administratively
adjudicated plaintiff's requests for a fee waiver, in part
because the extent to which fees might apply to his requests has
only recently become apparent, and in part because of NARA's
concern with the degree of detail in plaintiff's fee waiver
requests.  To remedy this most efficiently, and in order to build
a better administrative record for the Court, the parties jointly
propose that plaintiff will provide to NARA by approximately
November 20, 2006 additional information concerning why a fee

---

[1] In response to this same request, DIA also referred one
document each to the Department of the Army and the Department of
the Air Force.  The parties have agreed to jointly determine the
status of these referrals, i.e., whether these referred documents
have been fully processed.

-3-

waiver is in his view warranted, and that NARA will
administratively adjudicate plaintiff's requests for a fee waiver
within twenty business days thereafter.  Additionally, the
parties jointly propose that if plaintiff's requests for a fee
waiver are denied, plaintiff will file a dispositive motion
concerning his entitlement to a fee waiver within thirty business
days after that administrative adjudication, and defendants will
file their response within twenty business days thereafter.

    III.  The Federal Bureau of Investigation

    Defendant Federal Bureau of Investigation (FBI) currently is
processing approximately 279 pages responsive to plaintiff's FOIA
request to its London Legal Attaché Office for records pertaining
to himself (Request No. 951311).  The parties jointly propose
that the FBI will complete its processing of these records and
release any and all releasable portions of them (or refer them to
the appropriate agencies for direct response to plaintiff) by
January 31, 2007.  Additionally, after a further search,
defendant FBI only recently located records responsive to
plaintiff's FOIA request to its New York Field Office for records
pertaining to himself (Request No. 962284).  An exact page count
has not yet been made, but it appears that the responsive records
consist of approximately 100 pages, and that they contain
exceptionally sensitive information.  The parties therefore
jointly propose that the FBI will complete its processing of

-4-

these records and release any and all releasable portions of them (or refer them to the appropriate agencies for direct response to plaintiff) by February 28, 2007.[2]

<u>Conclusion</u>

The parties also agree that there are no other matters appropriate for inclusion in a scheduling order at this time.

Respectfully submitted,


| | |
|---|---|
| _____/s/_____ | _____ |
| JAMES H. LESAR | JEFFREY A. TAYLOR |
| (DC Bar #114413) | (DC Bar #498610) |
| 1003 K Street, NW | United States Attorney |
| Suite 640 | |
| Washington, DC  20001 | |
| (202) 393-1921 | |
| | _____ |
| Attorney for Plaintiff | RUDOLPH CONTRERAS |
| | (DC Bar #434122) |
| | Assistant United States Attorney |
| | _____/s/_____ |
| Dated:  October 25, 2006 | JOSHUA T. RAINES |
| | Attorney-Advisor |
| | Office of Information and Privacy |
| | United States Department of Justice |
| | 1425 New York Ave., NW, Suite 11050 |
| | Washington, DC  20530-0001 |
| | (202) 307-3997 |
| | |
| | Attorneys for Defendants |

---

[2] The FBI also referred certain documents to the Department of the Army and the Department of the Navy in response to plaintiff's request to its New York Field Office for records pertaining to Citizens Commission of Inquiry (Request No. 963707).  The parties have agreed to jointly determine the status of these referrals, i.e., whether these referred documents have been fully processed.