UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RALPH SCHOENMAN,<br><br>    Plaintiff,<br><br>      v.<br><br>FEDERAL BUREAU OF INVESTIGATION, *et al.*,<br><br>    Defendants. | Civil Action No. 04-2202 (CKK) |

MEMORANDUM OPINION
(November 9, 2009)

This case comes before the Court upon the filing of a "Motion to Enforce Consent Decree, Motion for Reconsideration En Banc, Motion to Intervene as Plaintiff under Rule 24(a)(2) and Rule 24(b)(2)," filed by Jonathan Lee Riches, a federal inmate incarcerated at the Federal Medical Center in Lexington, Kentucky. Mr. Riches, representing himself *pro se*, contends that he is entitled to intervene as a matter of right pursuant to Federal Rule of Civil Procedure ("Rule") 24(a) or, alternatively, that he meets the requirements for permissive intervention pursuant to Rule 24(b). In addition, as the caption of the motion suggests, Mr. Riches also moves for reconsideration en banc and to enforce a consent decree. Both Plaintiff and Defendants oppose Mr. Riches' motion and have filed a joint opposition to that effect.

Based upon a searching review of Mr. Riches' [120] Motion, Plaintiff's and Defendants' [121] Joint Opposition and the attachments thereto, the relevant legal authority, and the record of this case as a whole, the Court shall DENY Mr. Riches' [120] Motion to Enforce Consent Decree, Motion for Reconsideration En Banc, Motion to Intervene as Plaintiff under Rule

24(a)(2) and Rule 24(b)(2), for the reasons that follow.

## I. BACKGROUND

The Court assumes familiarity with, and shall not repeat herein, the factual background of this case, which has been extensively discussed by this Court in its previous decisions regarding the parties' various cross-motions for summary judgment. *See, e.g., Schoenman v. FBI*, 604 F. Supp. 2d 174 (D.D.C. 2009); *Schoenman v. FBI*, 573 F. Supp. 2d 119 (D.D.C. 2009); *Schoenman v. FBI*, 604 F. Supp. 2d 174 (D.D.C. 2008); *Schoenman v. FBI*, 575 F. Supp. 2d 136 (D.D.C. 2008). For the purposes of the instant Memorandum Opinion, it is sufficient to note that the above-captioned civil action was filed nearly five years ago by Plaintiff, Ralph Schoenman, a political activist and author, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974 ("Privacy Act" or "PA"), 5 U.S.C. § 552a. Plaintiff seeks access to an array of records pertaining to himself, Lord Bertrand Russell, and six organizations, from a total of ten different named agencies — including, as is relevant to the instant Memorandum Opinion, the Federal Bureau of Investigation ("FBI") — and a number of unnamed agencies to which the named agencies might refer documents for a determination as to releasability.[1]

Now pending before the Court is Mr. Riches' [120] Motion to Enforce Consent Decree, Motion for Reconsideration En Banc, Motion to Intervene as Plaintiff under Rule 24(a)(2) and Rule 24(b)(2), (hereinafter, "Motion to Intervene"). According to Mr. Riches, he is a "former

---

[1] Specifically, Plaintiff's Complaint also named as Defendants: the Central Intelligence Agency, the Defense Intelligence Agency, the Department of the Air Force, the Department of Justice, the Department of the Army, the Department of the Navy, the Department of State, the National Archives and Records Administration, the National Security Agency, and John Doe Agencies 1-10. Compl. at 1 & ¶ 13.

CIA agent with the FBI in their cyber computer security division where [he] was undercover globally to stop computer hackers and identify thieves." See Mot. to Intervene, Docket No. [120].[2] He also claims to have worked with the Plaintiff "in Silicon Valley . . . from 1999 to 2001 building defense firewalls and email traps and preventing Trojan horses from infiltrating computer terminals for the Government," id., although Plaintiff himself has submitted a statement denying any knowledge of or contact with Mr. Riches, see Pl. & Defs.' Jt. Opp'n, Docket No. [121]. As set forth in his motion, Mr. Riches claims that he has evidence demonstrating that the FBI has improperly withheld certain documents in this case and therefore seeks to intervene in this civil action, either as a matter of right pursuant to Rule 24(a)(2) or, alternatively, by permission pursuant to Rule 24(b). Id. Mr. Riches also purports to move for "reconsideration en banc" and to enforce "this Court's consent decree," although he neither specifies the particular order he seeks to challenge nor identifies the alleged "consent decree" he seeks to enforce. See id.

Plaintiff and Defendants have filed a Joint Opposition to Mr. Riches' Motion to Intervene. See Pl. & Defs.' Jt. Opp'n, Docket No. [121]. Mr. Riches declined to file any reply. Accordingly, the third-party Motion to Intervene is now ripe for the Court's resolution and review.

## II. LEGAL STANDARDS

As explained above, Mr. Riches has moved for intervention pursuant to Rule 24, which allows intervention under two standards: intervention of right and permissive intervention. FED.

---

[2] As indicated by Plaintiff and Defendants in their joint opposition, it appears that Mr. Riches regularly attempts to intervene in federal cases across the country. See Pl. & Defs.' Jt. Opp'n, Docket No. [121], at 1, n.1.

R. CIV. P. 24(a)-(b).  First, the Rule permits intervention of right when, *inter alia*, the applicant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  FED. R. CIV. P. 24(a)(2).  As explained by the D.C. Circuit, to qualify for an intervention of right under Rule 24(a)(2), the following four factors must be met:

> (1) the timeliness of the motion; (2) whether the applicant "claims an interest relating to the property or transaction which is the subject of the action"; (3) whether "the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest"; and (4) whether "the applicant's interest is adequately represented by existing parties."

*Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003) (quoting *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998)) ; *see also U.S. v. Phillip Morris USA, Inc.*, 566 F.3d 1095, 1146 (D.C. Cir. 2009).  "Rule 24(a) 'impliedly refers not to any interest the applicant can put forward, but only to a legally protectable one."  *Mova Pharm. Corp.*, 140 F.3d at 1074 (quoting *S. Christian Leadership Conference v. Kelly*, 747 F.2d 777, 779 (D.C. Cir. 1984)).  Accordingly, in this Circuit, "a party seeking to intervene as of right must demonstrate that it has standing under Article III of the Constitution."  *Fund for Animals*, 322 F.3d at 731-32.

Second, the Rule provides that a Court may grant an applicant permission to intervene who either: "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."  FED. R. CIV. P. 24(b)(1).  In considering a motion for permissive intervention, a court must also "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  FED. R. CIV. P. 24(b)(3).  "[P]ermissive intervention is an inherently discretionary

enterprise," *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 10423, 1046 (D.C. Cir. 1998), and "the court enjoys considerable discretion under Rule 24(b)," *Envtl. Def. v. Leavitt*, 329 F. Supp. 2d 55, 66 (D.D.C. 2004).

### III.  DISCUSSION

The Court concludes that Mr. Riches is not entitled to intervene under either Rule 24(a)(2) or Rule 24(b).  First, Mr. Riches has not demonstrated that he is entitled to intervene as a matter of right under Rule 24(a)(2).  His motion comes nearly five years after the above-captioned suit was filed.  He has not set forth any specific interest with respect to the instant FOIA action nor has he explained how disposition of the instant action may impede his ability to protect any specific interest of his own.  Rather, Mr. Riches seeks to intervene only to provide evidence that he claims would demonstrate that the FBI has improperly withheld certain documents from Plaintiff.  *See* Mot. to Intervene.  He does not explain what this evidence is or how it was obtained.  Moreover, it is readily apparent that Mr. Riches' alleged interest in ensuring that the FBI fully discloses all documents responsive to Plaintiff's FOIA request is an interest already adequately represented by Plaintiff himself.  Finally, Mr. Riches has made no effort to demonstrate that he has standing under Article III, as is required under D.C. Circuit precedent.  Accordingly, the Court shall DENY Mr. Riches' motion to the extent he seeks to intervene as a matter of right in this litigation.

Second, the Court finds that Mr. Riches has also failed to demonstrate that he has met the threshold requirements necessary for permissive intervention under Rule 24(b).  He has not cited to any relevant federal statute that provides him a conditional right to intervene in this case nor has he indicated that he has a claim or defense that involves a common question of law or fact.

Moreover, in light of the parties' joint opposition to Mr. Riches' motion and the untimely nature of his request to intervene, the Court finds that permitting intervention at this late stage would likely lead to undue delay and prejudice the original parties' rights. Accordingly, in exercising its "considerable discretion under Rule 24(b)," the Court shall DENY Mr. Riches' motion to the extent he seeks permissive intervention.

Finally, in light of the Court's decision above denying Mr. Riches' request to intervene, the Court shall also DENY Mr. Riches' motion to the extent he purports to move for reconsideration en banc and to enforce a consent decree. As noted above, Mr. Riches makes no efforts to specify the particular order he intends to challenge nor does he identify the alleged "consent decree" he seeks to enforce. *See id.* Regardless, his requests for reconsideration and enforcement must be denied in light of the Court's finding above that he is not entitled to intervene. Accordingly, Mr. Riches' [120] Motion to Enforce Consent Decree, Motion for Reconsideration En Banc, Motion to Intervene as Plaintiff under Rule 24(a)(2) and Rule 24(b)(2) is DENIED in its entirety.

### IV. CONCLUSION

For the reasons set forth above, the Court shall DENY Mr. Riches' [120] Motion to Enforce Consent Decree, Motion for Reconsideration En Banc, Motion to Intervene as Plaintiff under Rule 24(a)(2) and Rule 24(b)(2). An appropriate Order accompanies this Memorandum Opinion.

Date:   November 9, 2009

                                            */s/*
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge