**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RALPH SCHOENMAN,

     Plaintiff,

     v.

FEDERAL BUREAU OF
INVESTIGATION, *et al.*,

     Defendants.

Civil Action No. 04-02202 (CKK)

**MEMORANDUM OPINION**
(April 30, 2012)

Over seven years ago, Plaintiff Ralph Schoenman ("Schoenman"), a self-described political

activist and author, brought this action against a handful of federal agencies, including the Central

Intelligence Agency (the "CIA") and Federal Bureau of Investigation (the "FBI") (collectively,

"Defendants"), seeking the disclosure of a broad array of records under the Freedom of Information

Act ("FOIA") and the Privacy Act of 1974 ("PA").  On January 23, 2012, following years of motion

practice and twelve detailed opinions from this Court, a final judgment was entered reflecting an

adjudication of all the claims, rights, and liabilities of the parties.

Currently before the Court is Schoenman's [178] Motion for Reconsideration, filed on

February 21, 2012, seeking reconsideration of certain aspects of this Court's prior decisions under

Federal Rule of Civil Procedure 59(e).[1]  Upon careful consideration of the parties' submissions, the

relevant authorities, and the record as a whole, Schoenman's Motion for Reconsideration shall be

---

[1]  To be precise, Schoenman originally purported to bring his motion under Rules 52(b) and 59(b), both of which are inapplicable in this context.  He has since admitted that this was in error and clarified that he intends to bring his motion under Rule 59(e).  Therefore, like Defendants, the Court construes the motion as arising under Rule 59(e).

DENIED.[2]

# I. BACKGROUND

Because this action has been pending for over seven years and has seen a considerable amount of motion practice in that time, setting forth the full breadth of the background of the case here is neither necessary nor desirable. Instead, the Court shall briefly outline the facts and procedural history most germane to the instant motion and assume familiarity with its many prior opinions, which are incorporated herein.[3]

In July 2001, Schoenman's legal counsel submitted FOIA/PA requests to several federal agencies, including the CIA and the FBI, seeking the disclosure of a broad array of records relating to him, Lord Bertrand Russell, and six named organizations. The CIA and the FBI acknowledged receipt of Schoenman's requests and conducted searches of their records, ultimately producing some records and withholding others in full or in part. Dissatisfied with the response he received, Schoenman commenced this civil action on December 20, 2004, naming as defendants the CIA, the FBI, and other federal agencies.

In the years that followed, the issues in the case were successively winnowed down or refined by the parties' motion practice and the decisions of this Court. Most notably for present purposes,

---

[2] Although the Court's decision today is made on the record as a whole, its consideration has focused on the following documents, listed in chronological order of their filing: Pl.'s Mem. of P. & A. in Supp. of Pl.'s Mot. for Recons. ("Pl.'s Mem."), ECF No. [178]; Defs.' Opp'n to Pl.'s Mot. for Recons., ECF No. [179]; Pl.'s Reply to Defs.' Opp'n to Pl.'s Mot. for Recons. ("Pl.'s Reply"), ECF No. [188]. In an exercise of its discretion, the Court finds that holding oral argument on the instant motion would not be of assistance in rendering a decision. See LCvR 7(f).

[3] The abbreviated citations for the Court's most important opinions are, in reverse chronological order: 2012 WL 17156 (D.D.C. Jan. 23, 2012); 763 F. Supp. 2d 173 (D.D.C. Feb. 9, 2011); 764 F. Supp. 2d 40 (D.D.C. Jan. 21, 2011); 263 F.R.D. 23 (D.D.C. Nov. 9, 2009); 604 F. Supp. 2d 174 (D.D.C. Mar. 31, 2009); 2009 WL 763065 (D.D.C. Mar. 19, 2009); 575 F. Supp. 2d 166 (D.D.C. Sept. 22, 2008); 576 F. Supp. 2d 166 (D.D.C. Sept. 15, 2008); 573 F. Supp. 2d 119 (D.D.C. Sept. 1, 2008); 575 F. Supp. 2d 136 (D.D.C. Aug. 25, 2008); 2006 WL 1582253 (D.D.C. June 5, 2006); 2006 WL 1126813 (D.D.C. Mar. 31, 2006).

in an opinion dated March 31, 2009, the Court granted the FBI summary judgment on the reasonableness of its search for responsive records because Schoenman "conceded the issue" by failing to respond to the FBI's arguments in any of his submissions. *See Schoenman v. FBI*, 604 F. Supp. 2d 174, 204 (D.D.C. 2009). Subsequently, in an opinion dated February 9, 2011, the Court faulted Schoenman for attempting to "resurrect and relitigate" the reasonableness of the FBI's search in part because "Schoenman, who is represented by counsel in this action, ha[d] never filed a formal motion for relief from this Court's prior order granting the FBI summary judgment on the issue of the reasonableness of its search." *Schoenman v. FBI*, 763 F. Supp. 2d 173, 202 (D.D.C. 2011). In its February 9, 2011 decision, the Court also granted summary judgment to the FBI on the question of whether the agency had properly withheld confidential source symbol numbers and confidential source file numbers under FOIA Exemptions 2 and 7(D). *See id.* at 196, 200.

Thereafter, the parties briefed the sole remaining issue in the action—namely, the disposition of certain CIA-originating records referred to the CIA by the FBI for processing and a direct response to Schoenman. On January 23, 2012, the Court granted summary judgment in the CIA's favor and, because no other viable claims for disclosure remained extant, entered a final judgment reflecting an adjudication of all the claims, rights, and liabilities of the parties. *See* Order & Final Judgment, ECF No. [175]. As part of its January 23, 2012 decision, the Court denied Schoenman's two motions to late file a reply memorandum of points and authorities, a declaration, and a statement of material facts in connection with the parties' cross-motions for summary judgment. *See Schoenman v. FBI*, 2012 WL 171576, at *1-4 (D.D.C. Jan. 23, 2012). Schoenman filed the instant motion on

February 21, 2012.[4]

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to file "[a] motion to alter or amend

a judgment" within "28 days after the entry of the judgment."[5] FED. R. CIV. P. 59(e).  Motions under

Rule 59(e) are "disfavored" and the moving party bears the burden of establishing "extraordinary

circumstances" warranting relief from a final judgment.  *Neidermeier v. Office of Baucus*, 153 F.

Supp. 2d 23, 28 (D.D.C. 2001)*.*   Rule 59(e) motions are "discretionary and need not be granted

unless the district court finds that there is an intervening change of controlling law, the availability

of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Firestone v.*

*Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (*per curiam*) (internal quotation marks omitted).

Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise arguments or present

evidence that could have been raised prior to the entry of judgment."  *Exxon Shipping Co. v. Baker*,

554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted).

## III.  DISCUSSION

Through his Motion for Reconsideration, Schoenman contends that the Court should

reconsider: (1) its January 23, 2012 decision insofar as it denied his two motions to late file various

documents in connection with the parties' cross-motions for summary judgment; (2) its February 9,

2011 decision insofar as the Court determined that the FBI properly invoked FOIA Exemption 2 as

a basis for withholding certain information; and (3) its February 9, 2011 decision insofar as it

---

[4] Schoenman's Motion for Reconsideration exceeds the page limitations set by paragraph 5 of this Court's [162] Scheduling and Procedures Order dated March 30, 2011 and could be stricken on that basis alone.

[5] Schoenman filed his Motion for Reconsideration twenty-nine days after the entry of the final judgment in this case, but because the twenty-eighth day was a legal holiday, his time to file was automatically extended to the next day. *See* FED. R. CIV. P. 6(a)(1)(C).

rejected Schoenman's attempts to relitigate the reasonableness of the FBI's search for responsive

records. The Court addresses each component of Schoenman's Motion for Reconsideration in turn.

> A.   *Schoenman Has Failed to Establish that Reconsideration is Warranted With Respect to the Denial of His Two Motions to Late File*

Schoenman first contends that the Court should reconsider its January 23, 2012 decision

denying his two motions to late file a reply memorandum of points and authorities, a declaration, and

a statement of material facts in connection with the parties' cross-motions for summary judgment.

For at least three reasons, the Court concludes that Schoenman has failed to meet his burden of

justifying relief under Rule 59(e).

First, to justify relief from a final judgment, "the movant must give the district court 'reason

to believe that vacating the judgment will not be an empty exercise or futile gesture.'" *Norman v.*

*United States*, 467 F.3d 773, 775 (D.C. Cir. 2006) (quoting *Murray v. District of Columbia*, 52 F.3d

353, 355 (D.C. Cir. 1995)). Here, although Schoenman seeks reconsideration of the Court's January

23, 2012 decision insofar as it denied him leave to late file certain documents, he makes no attempt

to explain how consideration of those documents would affect the Court's bottom-line conclusion

on the merits—that is, that the CIA properly invoked FOIA Exemptions 1 and 3 as a basis for non-

disclosure. *See Schoenman*, 2012 WL 171576, at *7-10. His failure to do so is particularly

egregious because the Court expressly found that, with respect to his proposed reply memorandum

and supporting declaration, "Schoenman's arguments would fail on the merits: they are speculative,

unsupported, and contradicted by all the evidence in the record." *Id.* at *3 n.3. Indeed, Schoenman's

only rejoinder is to suggest, with respect to his proposed statement of material facts, that it is

"speculative" to ask whether consideration of the statement would affect the merits in the absence

of a responsive statement from the CIA. Pl.'s Reply at 8. Schoenman's argument both misses the

point and misconceives his burden.  Regardless of how the CIA might have responded to his proposed statement of material facts, Schoenman still has not explained how his proffered factual allegations, *if undisputed or not genuinely disputed*, would have any meaningful bearing on the Court's decision on the merits.  He has, in short, failed to supply this Court with reason to believe that reconsidering its decision to deny his two motions to late file would not be an "empty exercise or futile gesture."  *Murray*, 52 F.3d at 355.  Accordingly, the Court declines to exercise its discretion to grant relief under Rule 59(e).

Second, although Schoenman claims that the Court should reconsider its decision to deny his two motions to late file because he purportedly satisfied the standard for "good cause" and "excusable neglect," he does not mention, let alone supply a basis for questioning, the alternative grounds for the Court's decision.  With respect to Schoenman's first motion to late file, the Court found that "even if they were timely filed," the underlying submissions would not affect the Court's decision on the merits because (1) many of his arguments were "raised for the first time in reply and would be disregarded on that basis" and (2) as aforementioned, the arguments were "speculative, unsupported, and contradicted by all the competent evidence in the record."  *Schoenman*, 2012 WL 171576, at *3 n.3 (citing *Baloch v. Norton*, 517 F. Supp. 2d 345, 348 (D.D.C. 2007), *aff'd*, 550 F.3d 1191 (D.C. Cir. 2008)).  With respect to Schoenman's second motion to late file, the Court found that Schoenman (1) "failed to comply with the meet-and-confer requirements of Local Civil Rule 7(m) before filing his motion" and (2) failed to present a copy of his proposed submission with his motion, "rendering it impossible for the Court to determine whether it is even worthwhile to permit leave to late file."  *Id.* at *3 n.4 (citing *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006); LCvR 5.4(c)).  Having failed to proffer a basis for reconsidering these independent and adequate

6

grounds for the Court's decision, the Court can only conclude that Schoenman has failed to meet his burden of justifying relief under Rule 59(e).

Third, the Court is wholly unpersuaded by Schoenman's argument that the Court somehow erred in denying his two motions to late file because he purportedly satisfied the standards for "good cause" and "excusable neglect."  As an initial matter, Schoenman concedes that his Motion for Reconsideration offers explanations for his failure to timely file that were not previously presented to the Court.  *See* Pl.'s Mem. at 11; Pl.'s Reply at 3.  The Court declines to consider these new explanations because Rule 59(e) cannot and should not be used to raise new arguments or present new evidence.  *See Exxon Shipping*, 554 U.S. at 485 n.5.  To the extent Schoenman thought these explanations relevant, he was obligated to present them to the Court in the first instance.[6]  Meanwhile, the Court acted well within its discretion in denying Schoenman leave to late file based on his failure to meet the standards for "good cause" and "excusable neglect" under Federal Rules of Civil Procedure 6(b)(1) and 16(b)(4) in light of the justification Schoenman proffered at the time.

With respect to Schoenman's first motion to late file, Schoenman filed his motion four days after his deadline to act had already expired, meaning that he was required to show "good cause" under Rules 6(b)(1) and 16(b)(4) and "excusable neglect" under Rule 6(b)(1).  *See Schoenman*, 2012 WL 171576, at *1.  The Court set an "exceedingly generous schedule" for briefing the parties' cross-motions for summary judgment, far in excess of the default framework supplied by the Local Rules

---

[6]  Similarly, Schoenman seems to suggest that the Court should have considered arguments that he made in support of other, unrelated motions for extensions in the long history of this case.  See Pl.'s Mem. at 6-7.  The Court rejects the suggestion.  Not only were these arguments "set forth nearly three and a half years ago, and w[ere] almost certainly not fresh in the Court's mind," Pl.'s Reply at 6, Schoenman was obligated to set forth the entire basis for his motion in his supporting memorandum.  See LCvR 7(a) ("Each motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion, including where appropriate a concise statement of facts.").

of this Court, even though the parties were already "intimately familiar with the contours of this case." *Id.* at *2. "Despite the generosity of the schedule, Schoenman, citing developments in other cases handled by his counsel, previously moved this Court for a further two-week enlargement." *Id.* (internal quotation marks and notations omitted). The Court expressly granted that motion "very reluctantly," "underscored that it was an extension of an already exceedingly generous briefing schedule," and "warned Schoenman, in no uncertain terms, that NO FURTHER EXTENSIONS would be granted to either party absent extraordinary circumstances." *Id.* (internal quotation marks and notations omitted). Nonetheless, Schoenman "did not file his reply papers, seek an extension of time, or take any other proactive steps before the . . . deadline expired." *Id.*

Even crediting the various excuses cited by Schoenman, the Court found that a reasonably diligent attorney could have and would have filed his reply papers within the twenty-one days allotted—multiples more than the norm. *Id.* Finding that "'Schoenman's 'actions in this case do not bespeak diligence or any sense of urgency at all,'" the Court found that Schoenman failed to make the threshold showing of "good cause" under Rules 6(b)(1) and 16(b)(4). *Id.* (quoting *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 226 (D.C. Cir. 2011)). In addition, the Court found that Schoenman's own account revealed that he "subjectively believed as early as the day before the expiration of the Court-ordered deadline that he would be unable to meet the deadline," but that he "still waited another five days . . . to petition the Court for a further extension." *Id.* The Court found that this sequence of events evinced something approaching "willful disregard of the Court's process," especially where Schoenman was "on actual notice that the Court expected him to adhere to the specified schedule and was strongly disinclined to grant further extensions absent extraordinary circumstances," and was therefore inconsistent with a finding of "excusable

neglect" under Rule 6(b)(1).  *Id.* at *3.

In this regard, neither the Court's "good cause" finding nor its "excusable neglect" finding was an abuse of discretion.  Schoenman contends principally that the Court should have allocated different weight to the "excusable neglect" factors articulated in *Yesudian ex. rel United States v. Howard University*, 270 F.3d 969, 971 (D.C. Cir. 2001).  Schoenman focuses on the length of the delay and the prejudice to the CIA, factors which the Court took into account, but the *Yesudian* factors are not exhaustive, and this Court did not err by finding that Schoenman's admission that he knew he would be unable to meet the Court-ordered deadline before it expired, and yet nonetheless proceeded to wait five more days before petitioning the Court for relief, was inconsistent with a finding of excusable neglect under the circumstances.  Nor is the Court persuaded by Schoenman's argument that his neglect should be excused because the Court previously granted the CIA a four-hour extension of time of one of its filing deadlines despite being subject to a similar "no further extension" warning.  As the Court explained in its January 23, 2012 decision, unlike Schoenman's delay, "the length of the CIA's delay was modest and its full duration was justified by unforeseen administrative difficulties."  *Schoenman*, 2012 WL 171576, at *2 n.1.  Furthermore, the Court took into account that, "when compared to Schoenman, the CIA has not exhibited the same inability to meet the deadlines set by the Court nor demonstrated a disregard of Court-ordered deadlines."  *Id.* Schoenman concedes that this is the case, but suggests that his demonstrated inability to meet the deadlines set by this Court should be excused simply because his counsel is a "solo practitioner." Pl.'s Reply at 6.  Simply put, the "excuse of being a solo practitioner is as good as no excuse at all." *Parks v. Ingersoll-Rand*, 380 F. App'x 190, 195 (3d Cir. 2010); *see also McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) (*per curiam*), *cert. denied*, 456 U.S. 979 (1982).

"Most attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences." *Pinero Schroeder v. Fed. Nat'l Mortg. Ass'n*, 574 F.2d 1117, 1118 (1st Cir. 1978) (*per curiam*); *see also United States v. Dumas*, 94 F.3d 286, 289 (7th Cir. 1996) ("'Excusable neglect' requires something more than a simple failure to meet the deadline due to a busy schedule."), *cert. denied*, 520 U.S. 1105 (1997).

With respect to Schoenman's second motion to late file, Schoenman filed his motion an extraordinary one month and eleven days after his deadline to act had already expired, after he already "had an exceedingly generous one month and four days to prepare" his submission. *Schoenman*, 2012 WL 171576, at *3. The only excuse Schoenman offered for his failure was his contention that he encountered "technical problems" with a "malfunctioning scanner," but the Court did not err in finding that excuse "patently insufficient" to satisfy the "good cause" standard under Rule 6(b)(1) when considered in the "context of the schedule as a whole." *Id.* Nor did the Court err in finding that Schoenman failed to satisfy the "excusable neglect" standard under Rule 6(b)(1) given that: (1) Schoenman's failure to file a timely submission "was a matter entirely within his control"; (2) the parties had already by that time submitted most of their briefing in connection with their cross-motions for summary judgment, meaning that granting leave to late file "would unfairly require the CIA to draft its opposition anew and delay the resolution of this action"; and (3) Schoenman conceded that the CIA put him on notice of his failure to file a timely statement *three weeks* before he filed his motion to late file. *Id.* Under these circumstances, the Court's conclusion that Schoenman had failed to satisfy the "good cause" and "excusable neglect" standards was not an abuse of discretion.

For the reasons set forth above, the Court finds that Schoenman has failed to meet his burden

of showing that he is entitled to relief under Rule 59(e) with respect to the Court's January 23, 2012 decision denying his two motions to late file. Accordingly, insofar as Schoenman seeks reconsideration on this basis, his Motion for Reconsideration shall be DENIED.

> **B.** *Schoenman Has Failed to Establish that Reconsideration is Warranted With Respect to the FBI's Invocation of FOIA Exemption 2*

Schoenman next contends that the Court should reconsider its February 9, 2011 decision granting summary judgment to the FBI because, in his view, the FBI's withholdings under FOIA Exemption 2 are no longer valid in light of the United States Supreme Court's March 7, 2011 decision in *Milner v. Department of Navy*, __ U.S. __, 131 S. Ct. 1259 (2011).

Exemption 2 permits an agency to withhold information "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). In its February 9, 2011 decision, the Court upheld the FBI's reliance "upon Exemption 2 to justify the non-disclosure of confidential source symbol numbers and confidential source file numbers." *Schoenman*, 763 F. Supp. 2d at 196. In so doing, the Court applied the law of this Circuit at the time, under which an agency could withhold information used for predominantly internal purposes under Exemption 2 if the information related to trivial administrative matters or its disclosure would risk circumvention of legal requirements. *See, e.g.*, *Schiller v. Nat'l Labor Relations Bd.*, 964 F.2d 1205, 1207 (D.C. Cir. 1992), *abrogated by Milner v. Dep't of Navy*, __ U.S. __, 131 S. Ct. 1259, 1271 (2011). Less than a month after the Court issued its February 9, 2011 decision, the Supreme Court decided *Milner*, in which it held that Exemption 2 is limited to "records relating to issues of employee relations and human resources." 131 S. Ct. at 1271. Insofar as Schoenman contends that the *Milner* decision narrowed the scope of Exemption 2 in this Circuit and calls into question the FBI's reliance on the exemption as a basis for withholding confidential source symbol numbers and confidential source file numbers,

the Court agrees.  Nonetheless, for at least two reasons, the Court concludes that Schoenman cannot rely upon *Milner* to justify relief under Rule 59(e).

First, *Milner* was decided on March 7, 2011, and yet Schoenman offers no explanation for why he waited an extraordinary *eleven months and two weeks*, and until after the Court entered a final judgment, before he sought reconsideration on this basis.  A party acting with reasonable diligence could and would have sought reconsideration of the Court's February 9, 2011 decision while it was still interlocutory under Federal Rule of Civil Procedure 54(b).[7]  Or, at the bare minimum, a party acting with reasonable diligence would have alerted the Court to the potential issue *sometime* in the eleven months and two weeks between the issuance of the *Milner* decision and the entry of a final judgment in this case.  Schoenman did neither, though he certainly had ample opportunity to do so.  For instance, on March 28, 2011, three weeks after *Milner* was decided and ten months and three weeks before Schoenman filed the instant motion, the parties "propose[d] a briefing schedule for resolution of the remaining issues in this case," but Schoenman made no mention of the potential effect of *Milner* on this Court's prior decisions.  Joint Status Report, ECF No. [161], at 2.  Moreover, even setting aside that Schoenman is charged with knowledge of the law, he was clearly aware of the *Milner* decision.  On June 30, 2011, three months and three weeks after *Milner* was decided and seven months and three weeks before he filed the instant motion, Schoenman actually *cited* to *Milner* for a different purpose, but he again made no mention of the effect of the case on this Court's prior decisions.[8]  *See* Pl.'s Mem. of P. & A. in Supp. of Pl.'s Cross-

---

[7]  Under Rule 54(b), a district court may revise its own interlocutory orders "at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities," FED. R. CIV. P. 54(b), and relief is available "as justice requires," *Capitol Sprinkler*, 630 F.3d at 227.

[8]  In addition, Schoenman's counsel acknowledges that the effect of *Milner* on pending cases previously arose in other proceedings in which he was involved.  *See* Pl.'s Mem. at 16.

Mot. for Summ. J. with respect to FBI Docs. Referred to the CIA and in Opp'n to Def.'s Mot. for Summ. J., ECF No. [166], at 19. Ultimately, Schoenman's failure to act in the eleven months and two weeks between *Milner* and the entry of a final judgment in this action is both unexplained and inexplicable. Relief may be denied under Rule 59(e) when the movant has failed to "exercise due diligence." *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004). In this case, Schoenman could have obtained relief by acting with reasonable diligence, but he "instead elected not to act until after a final order had been entered." *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 673 (D.C. Cir. 2004). Under these circumstances, the Court declines to exercise its discretion to grant relief under Rule 59(e).

Second, when the Court upheld the FBI's non-disclosure of confidential source symbol numbers and confidential source file numbers in its February 9, 2011 decision, it did not rely on Exemption 2 alone. Rather, the Court also expressly found that the FBI had properly invoked Exemption 7(D), which "allows agencies to withhold information in law enforcement records where the public disclosure of such information 'could reasonably be expected to disclose the identity of a confidential source.'" *Schoenman*, 763 F. Supp. 2d at 200 (quoting 5 U.S.C. § 552(b)(7)(D)). In his Motion for Reconsideration, Schoenman now posits that the mere "fact that Exemption 2 was cited in tandem with Exemption 7(D) raises a question as to whether the FBI made a careful, independent evaluation of the Exemption 7(D) claim." Pl.'s Mem. at 18. An argument of this kind—speculative, unsupported, and contradicted by all the competent evidence in the record—is insufficient to warrant relief under Rule 59(e).[9] It is also non-sensical: the FBI did not know, when

---

[9] Schoenman also suggests, as an afterthought and with no meaningful legal argument, that the Supreme Court's broad observation in *Milner* that FOIA "exemptions are 'explicitly made exclusive' and must be 'narrowly construed,'" *Milner*, 131 S. Ct. at 1262 (quoting *EPA v. Mink*, 401 U.S. 73, 80 (1973); *FBI v. Abrahamson*, 456 U.S. 615, 630 (1982)), somehow narrowed the scope of Exemption 7(D). *See* Pl.'s Mem. at 20-21. Courts need not consider cursory

it made its withholding decisions, whether the Court was ultimately going to sustain its reliance on Exemption 2.

The Court finds that Schoenman has failed to meet his burden of showing an entitlement to relief under Rule 59(e) based on the Supreme Court's decision in *Milner*. Accordingly, insofar as Schoenman seeks reconsideration on this basis, his Motion for Reconsideration shall be DENIED.

C. *Schoenman Has Failed to Establish that Reconsideration is Warranted With Respect to the Reasonableness of the FBI's Search for Records*

Lastly, Schoenman contends that the Court should reconsider its February 9, 2011 decision granting summary judgment to the FBI because "new information," in his view, "raise[s] a question as to whether the FBI's search was adequate in this case." Pl.'s Mem. at 22. For at least three reasons, the Court declines to exercise its discretion to grant relief under Rule 59(e) on this basis.

First, Schoenman has *not* sought reconsideration of this Court's March 31, 2009 decision,[10] in which the Court granted the FBI summary judgment on the question of whether the agency had conducted a reasonable search for responsive records because Schoenman "conceded the issue" by failing to respond to the FBI's arguments in any of his submissions. *See Schoenman*, 604 F. Supp. 2d at 204 (citing, *inter alia*, *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004)). Schoenman does not even acknowledge that the Court found that he conceded the reasonableness of the FBI's search, let alone supply a basis for reconsidering that specific finding. In any event, no "manifest injustice" would result by declining to reconsider an issue that a party did not even see fit to contest in the first place.

---

arguments of this kind, and the Court declines to do so here. *Cf. Hutchins v. District of Columbia*, 188 F.3d 531, 539 n.3 (D.C. Cir. 1999) (*en banc*). Regardless, the Supreme Court's observation in *Milner* merely repeated an "oft-repeated caveat" that is fully consistent with the law governing Exemption 7(D) in this Circuit. *Abrahamson*, 456 U.S. at 630.

[10] In contrast, Schoenman's [181] Notice of Appeal does identify the Court's March 31, 2009 decision as a basis for his appeal, which is being held in abeyance pending resolution of the instant motion.

*Firestone*, 76 F.3d at 1208.  For this reason, the Court declines to exercise its discretion to grant relief under Rule 59(e).

Second, Schoenman has failed to "exercise due diligence" in pursuing this issue.  *Fox*, 389 F.3d at 1296.   After the Court granted the FBI summary judgment on the reasonableness of its search for records on March 31, 2009, *two years, ten months, and three weeks* passed before Schoenman filed the instant motion.  Such an extraordinary delay is particularly egregious in this case because, in its February 9, 2011 decision, the Court specifically faulted Schoenman for attempting to "resurrect" the reasonableness of the FBI's search for records in part because "Schoenman, who is represented by counsel in this action, ha[d] never filed a formal motion for relief from this Court's prior order granting the FBI summary judgment on the issue of the reasonableness of its search."[11]  *Schoenman*, 763 F. Supp. at 202.  Despite this express warning, Schoenman nonetheless proceeded to wait *more than a year* to file the instant motion.  This sequence of events does not bespeak diligence or any sense of urgency.  Schoenman could have obtained relief by acting with reasonable diligence, but he "instead elected not to act until after a final order had been entered."  *Ciralsky*, 355 F.3d at 673.  The Court declines to exercise its discretion to grant relief under Rule 59(e) under these circumstances.

Third, the "new information" cited by Schoenman consists of two things—a recent news article and a recent opinion from Judge Amy Berman Jackson in an unrelated case.[12]  *See* Jason

---

[11]  In describing Schoenman's duty to file a proper motion for relief, the Court's February 9, 2011 decision mistakenly referred to Rule 60(b), when Rule 54(b) would apply because the pertinent decision remained interlocutory at that time.  *See* FED. R. CIV. P. 54(b).  The Court's discussion of Rule 60(b) in its February 9, 2011 decision does not affect the outcome of the instant motion.

[12]  In his reply, Schoenman also argues that Judge Gladys Kessler's opinion in *Negley v. FBI*, 658 F. Supp. 2d 50 (D.D.C. 2009), casts doubt on the scope of the FBI's search.  *See* Pl.'s Reply at 9-10.  The Court declines to consider the argument because it was raised for the first time in reply.  *See Baloch*, 517 F. Supp. 2d at 348 ("If the movant raises arguments for the first time in his reply to the non-movant's opposition, the court [may] either ignore those arguments

Leopold, *Revealed: The FBI's Secretive Practice of "Blackballing" Files*, Truthout, Jan. 17, 2012;

*Memphis Publ. Co. v. FBI*, ___ F. Supp. 2d ___, 2012 WL 269900 (D.D.C. Jan. 31, 2012).   Neither

bears upon the adequacy of the FBI's search under the specific facts of this case nor persuades the

Court to question whether "the FBI made a good faith, informed, and reasonable effort to locate the

identified records."   *Schoenman*, 763 F. Supp. 2d at 204 (citing *Oglesby v. U.S. Dep't of Army*, 920

F.2d 57, 68 (D.C. Cir. 1990)).   Accordingly, the "new information" cited by Schoenman does not

justify relief under Rule 59(e).

    The Court finds that Schoenman has failed to meet his burden of showing an entitlement to

relief under Rule 59(e) based on "new information" purportedly bearing on the adequacy of the FBI's

search for records.   Accordingly, insofar as Schoenman seeks reconsideration on this basis, his

Motion for Reconsideration shall be DENIED.

## IV.  CONCLUSION

    For the reasons set forth above, Schoenman's [178] Motion for Reconsideration shall be

DENIED.   An appropriate Order accompanies this Memorandum Opinion.

Date:   April 30, 2012

                                    _____/s/_____

                                    **COLLEEN KOLLAR-KOTELLY**
                                    United States District Judge

---

. . . or provide the non-movant an opportunity to respond.").   Even if this were not the case, the Court would find that Schoenman has failed to show that the opinion justifies relief under Rule 59(e).   First, Judge Kessler's opinion was issued on September 24, 2009, and Schoenman failed to "exercise due diligence" by waiting an extraordinary two years and five months to bring the matter to the Court's attention.   *Fox*, 389 F.3d at 1296.   Second, Schoenman has made no attempt to show how the opinion bears upon the adequacy of the FBI's search under the specific facts of this case.